**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARTHA WHITE,<br>on behalf of herself and a class,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL SERVICES, INC.,<br>d/b/a CREDIT COLLECTION SERVICES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED: AUGUST 25, 2008
08CV4850
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN
YM

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     Plaintiff Martha White brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Credit Control Services, Inc., d/b/a Credit Collection Services.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public

1

policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection communications were received by plaintiff within this District;

b. Defendant transacts business within this District and holds a license under the Illinois Collection Agency Act.

## PARTIES

6. Plaintiff Martha White  is an individual who resides in the Northern District of Illinois.

7. Defendant Credit Control Services, Inc., d/b/a Credit Collection Services is a corporation with offices located at 2 Wells Avenue, Newton, MA 02459.

8. Credit Control Services, Inc., d/b/a Credit Collection Services is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Credit Control Services, Inc. is a licensee under the Illinois Collection Agency Act.

10. Credit Control Services, Inc., d/b/a Credit Collection Services is a debt collector as defined in the FDCPA.

## FACTS

11. Defendant has been attempting to collect from plaintiff a premium for auto insurance allegedly incurred for personal, family or household purposes.

12. On information and belief, the debt belongs to another person named Martha White.

2

13.    On or about Wednesday June 25, 2008, at 1:27 p.m., a representative of defendant left the following message on plaintiff's voicemail:

> This message is for Martha White to please return my call, 1-800-345-7468 and my extension is 4257.  When calling please reference file # 05031448740 my name is Nicole and I will be available in the office until 4.30 eastern time today. It  is important that you return my call as soon as possible.  Thank you.

14.    On or about Friday, July 11, 2008,  at 1:19 p.m., a representative of defendant left the following message on plaintiff's voicemail:

>  This message is for Martha White to please return my call 1-800-345-7468 and my extension is 4257.  When calling please reference file # 05031448740.  My name is Nicole and I will be available in the office tonight until 4.30 eastern time today it is important that you return my call as soon as possible.  Thank you.

15.    On information and belief, these and the following telephone messages followed a script that required the caller to <u>not</u> disclose the company placing the call.

16.    On or about Tuesday July 22, 2008,  at 9:07 a..m. a representative of defendant left the following message on plaintiff's voicemail:

> Please be advised this is not a telemarketing call this is a personal business message for Martha White.  If the intended party can not be reach at this number please call at 877-289-0281 as we will cease further attempts to this number.  If you are not the intended party please hang up at this time.  For your privacy protection please visit our secured website at www.certifiednotice.com to access your personal account information your file number is 05031448740.  Thank you.

17.    On or about July 29, 2008, at 8:50 a.m.  a representative of defendant left the following message on plaintiff's voicemail:

>  For you privacy protection please visit our secured website at www.certifiednotice.com to access your personal account information your file number is 05031448740 in the event you do not have internet access please call 877-289-0281 and have your file number available.

18.    Plaintiff did retrieve the information from the Web site, which is attached as <u>Exhibits A and B</u> and consists of two collection notices purporting to state that plaintiff owes money to Farmers Insurance Group..  Each notice contained plaintiff's address and telephone number.

19.    Plaintiff also contacted Farmers Insurance and learned that the insurance

3

policy for which payment was sought was issued to a resident of Houston, Texas by a Farmer's agent in Houston, Texas.

20.    On July 30, 2008, plaintiff sent defendant Exhibit C.

21.    Based on a computer search, there are more than 3,000 persons in the United States named Martha White.  Plaintiff is unaware why defendant sought to collect the debt from her, or  if they attempted to dun multiple Martha Whites.

22.    Plaintiff did not at any time receive from defendant a notice of her rights under 15 U.S.C. §1692g.

23.    Plaintiff was harassed and annoyed by defendant's collection activities.

## COUNT I  – FDCPA

24.    Plaintiff incorporates paragraphs 1-23.

25.    Defendant's telephone  messages violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692e(14), as well as 15 U.S.C. §1692d(6).

26.    Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e.  *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

27.    The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692e(11), and 1692e(14) because:

a.    The messages do not contain the warning required by 15 U.S.C. §1692e(11).

b.    The  messages did not identify defendant.

28.    15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in

the following conduct:  "Except as provided in section 1692b of this title, the placement of

telephone calls without meaningful disclosure of the caller's identity."

29.    Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**(11) The failure to disclose in the initial written communication  with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

**(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

## CLASS ALLEGATIONS

30.    Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P.

23(a) and 23(b)(3).

31.    The class consists of (a) all individuals in Illinois (b) for whom defendant

left an answering machine or voicemail message (c) not identifying defendant and stating that

the call was for debt collection purposes (d) on or after a date one year prior to the filing of this

action, and less than 20 days after the filing of this action.

32.    The class is so numerous that joinder of all members is not practicable.

On information and belief, there are at least 40 members of the class.

5

33.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

    a.     Whether defendant has a policy and practice of leaving answering machine or voicemail messages which do not identify defendant or state the purpose of the call;

    b.     Whether such practice violates the FDCPA.

34.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible.

    b.     Members of the class are likely to be unaware of their rights;

    c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff  and against defendant for:

    (1)     Statutory damages;

    (2)     Actual damages;

    (3)     Attorney's fees, litigation expenses and costs of suit;

    (4)     Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

37.     Plaintiff incorporates paragraphs 1-23.

38.     The two written, electronically-delivered documents (Exhibits A and B)

6

falsely assert that plaintiff owes money to defendant's client.

39.    Defendant may also have violated 15 U.S.C. §1692g, if no document complying §1692g was sent to plaintiff at the address listed on Exhibits A and B within 5 days after the first message.

WHEREFORE, the Court should enter judgment in favor of plaintiff  and against defendant for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)     Attorney's fees, litigation expenses and costs of suit;

    (4)     Such other and further relief as the Court deems proper.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

40.    Plaintiff incorporates paragraphs 1-23.

41.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

42.    Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

43.    A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

44.    Plaintiff incorporates by reference the class allegations of Count I.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class  and against defendant:

      a.      Compensatory and punitive damages;

      b.      Costs.

      c.      Such other and further relief as is appropriate.


/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A.Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21765\Pleading\Complaint_Pleading.wpd

08CV4850
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN
YM

# EXHIBIT A



◄ Back



# CREDIT COLLECTION SERVICES
TWO WELLS AVENUE, DEPT. 9134, NEWTON, MA 02459
TOLL FREE - (877) 289-0281
Hours: Monday-Friday: 8AM-Midnight, ET
Saturday: 8AM-4PM, Sunday: 2PM-10PM, ET

**FILE NUMBER:   05 0314 48740**

**ZIP CODE:   60605**

| | |
|---|---|
| DATE LISTED: | 2008-06-09 |
| DEBTOR: | MARTHA WHITE |
| ADDRESS: | 1130 S MICHIGAN AVE |
| CITY/STATE/ZIP: | CHIAGO, IL 60605 |
| TELEPHONE: | 312-341-0354 |
| CANCEL DATE: | 2007-09-16 |
| CREDITOR: | FARMERS INSURANCE GROUP |
| AMOUNT: | $ 1377.23 |
| PAYMENT(S): | $ 0.00 |

**AMOUNT AS OF 06/26/08: $
1377.23**

## HELP DESK INFORMATION

This page provides general information to help you consider different avenues
to understand your delinquent payment obligation. The following examples
address a number of different creditor billing scenarios, and some avenues
many not be applicable to every situation:

**Tips to reconcile the amount displayed on this notice**

- Have you reviewed the original billing statement(s) mailed to you by
  your creditor to understand the amount displayed on this notice?

- Have you called the customer service line on your creditor's billing
  statement(s) to understand the amount displayed on this notice?

- Have you reviewed and/or discussed the original payment terms with
  your creditor to understand the amount displayed on this notice?

- If you believe the amount displayed on this notice was previously paid-
  in-full to your creditor, did you receive a canceled check and/or other
  form of evidence (e.g. receipt) that your payment was received and/or
  applied to your account?

- If you made a payment(s) to your creditor directly, have you reconciled





the remaining amount displayed on this notice?

- If you believe the amount displayed on this notice was supposed to be paid by an insurance carrier and/or third party, have you verified whether the remaining amount was your financial responsibility? (e.g. co-pay, deductible, etc.)

**Service Representative Assistance**

- If at any time, you require personal assistance, please call the toll free line above during normal business hours.

( Back )

```
08CV4850
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN
YM
```

# EXHIBIT B

Account Information

◀ Back



# CREDIT COLLECTION SERVICES
TWO WELLS AVENUE, DEPT. 9134, NEWTON, MA 02459
TOLL FREE - (877) 289-0281
Hours: Monday-Friday: 8AM-Midnight, ET
Saturday: 8AM-4PM, Sunday: 2PM-10PM, ET

**FILE NUMBER:   05 0314 48740**

**ZIP CODE:   60605**

| | |
|---|---|
| DATE LISTED: | 2008-06-09 |
| DEBTOR: | MARTHA WHITE |
| ADDRESS: | 1130 S MICHIGAN AVE |
| CITY/STATE/ZIP: | CHIAGO, IL 60605 |
| TELEPHONE: | 312-341-0354 |
| CANCEL DATE: | 2007-09-16 |
| CREDITOR: | FARMERS INSURANCE GROUP |
| AMOUNT: | $ 1377.23 |
| PAYMENT(S): | $ 0.00 |

**AMOUNT AS OF 06/26/08: $ 1377.23**

OUR RECORDS INDICATE THE AMOUNT REFERENCED ABOVE IS DUE
FOR COVERAGE PROVIDED UNDER YOUR INSURANCE CONTRACT.

THIS NOTICE AND ALL FURTHER STEPS UNDERTAKEN BY THIS
AGENCY WILL BE IN COMPLIANCE WITH THE FAIR DEBT COLLECTION
PRACTICES ACT (FEDERAL LAW PL 95-109) AND APPLICABLE STATE
LAW(S).

YOUR CREDITOR, AS WELL AS THIS OFFICE, SENT YOU
NOTIFICATION BY MAIL REGARDING THIS PAYMENT OBLIGATION.

BE ADVISED, FULL PAYMENT FOR THE PERIOD-OF-COVERAGE YOU
RECEIVED IS DUE WITHOUT FURTHER DELAY.

**PLEASE SELECT FROM THE FOLLOWING:**

- PAY ONLINE BY CHECK: CLICK HERE
- PAY ONLINE BY CREDIT CARD: CLICK HERE
- MAIL YOUR PAYMENT TO THIS OFFICE: CLICK HERE
- MAKE PAYMENT ARRANGEMENTS WITH THIS OFFICE: CLICK HERE



- ACCESS HELP DESK INFORMATION: CLICK HERE
- RECEIVE PERSONAL ASSISTANCE: CLICK HERE
- PRINT A PAYMENT-IN-FULL ACKNOWLEDGEMENT: CLICK HERE

08CV4850
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN
YM

# EXHIBIT C

# *From the Desk of Martha J. White*

1130 SOUTH MICHIGAN AVENUE
APT. 3208
CHICAGO, ILLINOIS 60605
TEL: (312) 341-0354

July 30, 2008

**VIA REGULAR U.S. MAIL**
Credit Collection Services
P.O. Box 9134
Needham, MA  02494-9134

Re:   File No.:   05-0314-48740
Creditor:   Farmers Insurance Group
Policy:   42043594 and 42043596
Amount:   $1,377.23
Auto:   2004 Chevy Cavalier

Dear Sir or Madam:

The purpose of this letter is to demand a cease and desist for your collection agency to stop all communications with me at the above referenced address and telephone number.

I have spoken with Lois Spicer, the Farmers Insurance agent who has this account.  According to Ms. Spicer, this account originated in Houston, TX.  You may contact Ms. Spicer at (713) 667-2048 to obtain the correct information in order to pursue the correct individual.

Your prompt attention to this matter is anticipated and deeply appreciated.

Very truly yours,

Martha J. White

cc:   Lois Spicer                             Credit Collection Services
Spicer Insurance Group          Two Wells Avenue
4189 Bellair Blvd.                   Dept. 9134
Houston, TX  77025               Newton, MA  02459

c:\mydocuments\misc\ccs farmers insurance.ltr